UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00787-JLS (DFMx)          Date: June 23, 2015
Title: Amir Fakori et al. v. JPMorgan Chase Bank, N.A. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                             Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 9)**

       Before the Court is Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss Complaint. (Mot., Doc. 9.) The Court finds the matter appropriate for disposition without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing on the Motion, set for July 10, 2015, at 2:30 p.m., is VACATED. For the reasons stated below, the Court GRANTS Defendant's Motion.

       Defendant filed its Motion on May 27, 2015, noticing the hearing for July 10, 2015. (Mot.) In accordance with the Local Rules, Plaintiffs' opposition to the Motion was due on June 19, 2015. *See* C.D. Cal. R. 7-9 (requiring an opposition brief to be filed not later than twenty-one days before the hearing). To date, however, Plaintiffs have not filed an opposition. Local Rule 7-12 holds that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." C.D. Cal. R. 7-12. *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

       Before dismissing an action for noncompliance with a local rule, a district court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v.*

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 15-00787-JLS (DFMx) | Date:  June 23, 2015 |
| Title:  Amir Fakori et al. v. JPMorgan Chase Bank, N.A. et al. | |

*Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (internal quotation marks omitted).  The balance of these factors clearly weighs in favor of dismissal.

      The public's interest, the Court's docket, and the conservation of judicial and attorney resources benefit from the dismissal of a case against Defendant that Plaintiffs have shown a disinterest in prosecuting by failing to respond to a dispositive motion.  Moreover, Plaintiffs' delinquency prejudices Defendant to the extent that it prevents Defendant from timely extricating itself from the case, thereby causing Defendant to continue incurring attorney's fees.  *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990) (holding that the expenditure of additional "time and money" because of opposing party's actions may result in prejudice).  Although the Court recognizes both the public policy favoring disposition of cases on the merits and the availability of less drastic measures than dismissal, those factors bear less weight in light of Local Rule 7-12, under which all parties are advised that failing to respond to a motion consents to the Court granting a motion to dismiss without considering the merits.  *See* C.D. Cal. R. 7-12.

      Therefore, the Court GRANTS Defendant's Motion and DISMISSES without prejudice Plaintiffs' claims against Defendant.  Any Motion for Leave to File an Amended Complaint must be filed within **twenty-one (21) days** of this Order, or Plaintiffs' claims against Defendant will be dismissed with prejudice.

                                                               Initials of Preparer:  tg